IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPBL-1119 LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. __3:23-cv-1791__ |
| ARCITERRA STRATEGIC RETAIL | § | |
| ADVISOR, LLC and JONATHAN | § | |
| LARMORE | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

---

## ORIGINAL COMPLAINT

---

Plaintiff SPBL-1119 LLC files this Original Complaint against Defendants Arciterra Strategic Retail Advisor, LLC and Jonathan Larmore asserting causes of action for breach of contract and respectfully shows the following:

### PARTIES

1.      Plaintiff SPBL-1119 LLC ("SPBL") is a Texas limited liability company with its principal place of business in Dallas County, Texas.  Plaintiff SPBL has four members, of which two are individuals and two are limited liability companies.  Those members are: (i) John Boaz, (ii) Naga Punyamurthy, (iii) L2JL Capital, LLC, and (iv) 356 Partners, LLC.  John Boaz and Naga Punyamurthy are individuals who permanently reside in and are domiciled in Texas, thus they are citizens of the State of Texas and no other state. L2JL Capital, LLC's sole member is Larry Long, who permanently resides and is domiciled in Dallas County, Texas, thus L2JL Capital is a citizen of the State of Texas and no other state.  365 Partners, LLC's sole member is Dan Saur, who

permanently resides and is domiciled in Henderson County, Texas, thus 365 Partners is a citizen of the State of Texas and no other state.  Accordingly, each of the members of SPBL-1119 is a citizen of the State of Texas for diversity purposes and no other state.  Thus, SPBL-1119 is also a citizen of the State of Texas for diversity purposes and no other state.

2.    Defendant Arciterra Strategic Retail Advisor, LLC ("Arciterra"), is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.  Arciterra may be served with process by serving its registered agent for service of process, Jonathan M. Larmore at the registered office located at 2720 East Camelback Road, Suite 220, Phoenix, Arizona 85016, or wherever he may be found – pursuant to Federal Rule of Civil Procedure 4(h)(1). As described in detail below, Arciterra is a citizen of the states of Arizona and Florida. Defendant Arciterra has three or four members, each of which are also limited liability companies.  The members of Arciterra Strategic Retail Advisor, LLC are (i) JMMAL Investments, LLC, (ii) MML Investments, LLC, (iii) Spike Holdings, LLC, and/or (iv) WMR Investments, LLC.

(i)    JMMAL Investments, LLC ("JMMAL") is an Arizona limited liability company. JMMAL has one member, Wawasee Family investments, LP, an Arizona limited partnership:

a)    Wawasee Family investments, LP ("Wawasee LP"), upon information and belief, has the following partners:

(1)    Jonathan M. Larmore, an individual with a 1% general partnership interest in Wawasee LP. Mr. Larmore resides and is domiciled in Arizona and/or Florida; thus he is a citizen of the States of Arizona and Florida and no other states.

(2) <u>Cynthia Larmore</u>, an individual with a 1% general partnership interest in Wawasee LP. Cynthia Larmore resides and is domiciled in Arizona; thus she is a citizen of the State of Arizona and no other state.

(3) <u>Marcia M. Larmore</u>, an individual with a 1% general partnership interest in Wawasee LP.  Marcia Larmore resides and is domiciled in Arizona; thus she is a citizen of the State of Arizona and no other state.

(4) <u>The Estate of Robert H. Larmore</u>. Robert H. Larmore was an individual with a 1% general partnership interest in Wawasee LP residing in Arizona before he died.  Robert Larmore's estate was opened with cause number PB2022-003150 in Maricopa County, Arizona.   Jonathan Larmore was appointed personal representative of the Estate of Robert H. Larmore.  The Estate of Robert H. Larmore is a citizen of the State of Arizona and no other state.

(5) <u>RM Linzona Family Trust</u>, a Nevada trust with a 96% limited partnership interest in Wawasee LP. The trustees of the RM Linzona Family Trust are Marcia M. Larmore and the Estate of Robert H. Larmore, which are citizens of the State of Arizona and no other state.

Accordingly, Wawasee LP is a citizen of the states of Arizona and Florida and no other states. Thus, JMMAL is a citizen of the states of Arizona and Florida and no other states.

(ii) <u>MML Investments, LLC</u> ("MML"), has a single member, Wawasee LP. Wawasee LP is a citizen of the states of Arizona and Florida and no other states (*see infra* ¶ 2(i)(a)). Thus, MML is a citizen of the states of Arizona and Florida and no other states.

(iii) <u>Spike Holdings, LLC</u> ("Spike"), is an Arizona limited liability company. Spike Holdings, LLC, has one member, Jonathan M. Larmore, who is a citizen of Arizona and Florida and no other states (*see infra* ¶ 2(i)(a)(1)). Thus, Spike is a citizen of the states of Arizona and Florida and no other states.

(iv) <u>WMR Investments, LLC</u> ("WMR") is an Arizona limited liability company. WMR Investments, LLC has two members – William A. Rack and Eva Marie Rack. William A. Rack and Eva Marie Rack are individuals who permanently reside in and are domiciled in Arizona; thus they are citizens of the State of Arizona and no other state.

3.      Defendant Jonathan Larmore is an individual and a citizen of the States of Arizona and/or Florida (*see infra* ¶ 2(i)(a)(1)) and may be served with process at his usual place of abode, 900 W. Retta, Punta Gorda, Florida 33950, or wherever he may be found.

## <u>JURISDICTION & VENUE</u>

4.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. *See infra* ¶1. Plaintiff is a citizen of Texas for diversity purposes. Defendants Arciterra and Larmore are each citizens of the States of Arizona or Florida and no other states. *See infra* ¶¶ 2-3.

5.      This is a contract dispute between Plaintiff and Defendants. The Forbearance Agreement (defined in paragraph 20 below) states in salient part that: "ALL CLAIMS BROUGHT IN AN ACTION RELATED TO THIS AGREEMENT SHALL BE BROUGHT IN A COURT OF COMPETENT JURISDICTION IN DALLAS COUNTY, TEXAS."[1]  Accordingly, Defendants

---

[1] Forbearance Agreement by and among Arciterra (as Borrower), Jonathan Larmore (as Guarantor), and SPBL-1119, LLC (as Lender) (dated effective December 31, 2022) § 16.

have consented and submitted to the personal jurisdiction of this Court. As set forth herein, Defendants are also subject to the personal jurisdiction of the Court due to their contacts with the state of Texas that form the basis of Plaintiff's causes of action.

6.    Furthermore, venue is proper in this district and division in accordance with the parties' valid, enforceable forum-selection clause.

7.    Alternatively, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

8.    Plaintiff SPBL-1119, LLC is a lender that loaned money to Defendant Arciterra to provide working capital for five retail and/or commercial properties located in Fort Wayne, Indiana. Arciterra has defaulted under the terms of the loan, despite multiple extensions and opportunities to perform given by SPBL, and Larmore, who personally guaranteed the loan, has failed to perform his guaranty obligations. As such SPBL has been forced to engage the undersigned counsel and bring this lawsuit to recover the payments due on the loan from Arciterra and from Larmore, who personally guaranteed payment of the loan.

9.    The Arciterra Companies (an affiliate of Defendant Arciterra with common ownership) is a real estate investment, development, and management company with a portfolio of businesses and properties in more than twenty states across the United States.[2] Defendant Jonathan Larmore founded Arciterra Companies and is currently its Manager and Principal.[3] Arciterra Companies launched its first real estate investment offering in 2005.[4] The various real

---

[2] https://www.arciterra.com/about-us-overview; https://www.arciterra.com/portfolio
[3] https://www.arciterra.com/about-us-executive-management
[4] *Id.*

estate holdings managed directly or indirectly by the Arciterra Companies are held in numerous special purpose entities

10.     Larmore formed Defendant Arciterra Strategic Retail Advisors, LLC, and controlled its activities, including its real estate investments in the Fort Wayne properties.

11.     On or about November 21, 2019, Arciterra (as Borrower and Assignor) and SPBL (as Lender) entered into the certain agreement titled the "Loan Agreement" (the "Initial Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit 1 and fully incorporated herein by reference.

12.     Among its salient terms, the Initial Loan Agreement provided that SPBL would loan Arciterra $2,000,000 (the "Loan") and that Arciterra would repay the Loan with interest and fees in accordance with the terms of a promissory note.

13.     At the same time Arciterra and SPBL entered into the Initial Loan Agreement, the parties entered into several additional agreements:

(i)   The Assignment. Arciterra (as Assignor) and SPBL (as Assignee) entered into the certain "Assignment of Beneficial Interest" (the "Assignment"), whereby upon a default of the Initial Loan Agreement by Arciterra, Arciterra assigned a "Beneficial Interest" in five limited liability companies to SPBL. Those limited liability companies owned, collectively, the five Fort Wayne commercial properties. A true and correct copy of the Interest Assignment is attached hereto as Exhibit A to Exhibit 1 and fully incorporated herein by reference.

(ii)  The Guaranty. Larmore (as Guarantor) signed the certain document titled "Guaranty," for the benefit of SPBL (as Lender), guaranteeing payment of Arciterra's obligations under the Loan (the "Guaranty"). A true and correct copy of the Guaranty

is attached hereto as <u>Exhibit B</u> to <u>Exhibit 1</u> and fully incorporated herein by reference. Under the Guaranty, Larmore "absolutely, unconditionally, and irrevocably" guaranteed to Lender: (a) "full and prompt payment when due of the Obligations"[5]; and (b) "payment of all Enforcement Costs." *See id.* § 2(b); *see also id.* § 3(a) (providing that "[t]his Guaranty is an absolute, irrevocable, present and continuing guaranty of payment and performance and not merely a guaranty of collection."). Pursuant to Section 3(a) of the Guaranty, in the event of any default by Borrower to Lender, after the expiration of any cure period, Larmore agreed, on demand by Lender, (i) to pay all liabilities then due; (ii) perform the Obligations; and (iii) indemnify and hold Lender harmless from any and all loss, damage, cost, expense, injury or liability Lender may suffer or incur in connection with the exercise of the rights under the Loan Agreement or Guaranty. *See id.* § 3(a).

(i) <u>The Promissory Note</u>. Arciterra (as Borrower) executed a note titled the "Secured Promissory Note" promising to pay SPBL (as Lender) the amount of the Loan plus interest and fees (the "Initial Promissory Note"). A true and correct copy of the Initial Promissory Note is attached hereto as <u>Exhibit 2</u> and fully incorporated herein by reference.

14. In May 2020, Arciterra (as Borrower) and SPBL (as Lender) entered into the certain agreement titled the "Amendment to Loan Agreement," whereby they amended the Initial Loan Agreement (the "First Loan Amendment"). A true and correct copy of the First Loan Amendment is attached hereto as <u>Exhibit 3</u> and fully incorporated herein by reference. Under the First Loan

---

[5] Under Section 1(h), "Obligations" means "the outstanding principal of, and all interest on, and all other indebtedness or obligations evidenced by the Note and the rest of the Loan Documents."

Amendment, the parties agreed to defer a portion of the interest for a certain period of time and extended the Maturity Date to February 25, 2020.

15.     On February 25, 2021, Arciterra (as Borrower) and SPBL (as Lender) entered into the certain agreement titled the "Second Amendment to Loan Agreement," whereby they further amended the Initial Loan Agreement (the "Second Loan Amendment"). A true and correct copy of the Second Loan Amendment is attached hereto as Exhibit 4 and fully incorporated herein by reference. Under the Second Loan Amendment, the parties agreed to extend the Maturity Date to August 25, 2021.

16.     On August 25, 2021, Arciterra (as Borrower) and SPBL (as Lender) entered into the certain agreement titled the "Third Amendment to Loan Agreement," whereby they further amended the Initial Loan Agreement (the "Third Loan Amendment"). A true and correct copy of the Third Loan Amendment is attached hereto as Exhibit 5 and fully incorporated herein by reference. Under the Third Loan Amendment, the parties agreed to extend the Maturity Date to February 25, 2022, and that Arciterra would pay a $20,000 extension fee.

17.     On February 25, 2022, Arciterra (as Borrower) and SPBL (as Lender) entered into the certain agreement titled the "Fourth Amendment to Loan Agreement," whereby they further amended the Initial Loan Agreement (the "Fourth Loan Amendment"). A true and correct copy of the Fourth Loan Amendment is attached hereto as Exhibit 6 and fully incorporated herein by reference. Under the Fourth Loan Amendment, the parties agreed to extend the Maturity Date to August 25, 2022, and that Arciterra would pay a $20,000 extension fee.

18.     On October 24, 2022, Arciterra and SPBL further amended the Initial Loan Agreement and the Initial Promissory Note by entering into the certain agreement titled the "Fifth Amendment to Loan Documents" (the "Fifth Loan Amendment"). A true and correct copy of the

Fifth Loan Amendment is attached hereto as <u>Exhibit 7</u> and fully incorporated herein by reference. Under the Fifth Loan Amendment, the parties agreed to extend the Maturity Date to December 31, 2022, to increase the Interest Rate to the lesser of 15.5% per annum or the Highest Lawful Rate, that Arciterra would pay a $40,000 Exit Fee, and that Arciterra would pay a $25,000 extension fee, among other things.

19.     The Initial Loan Agreement, as amended by the First, Second, Third, Fourth, and Fifth Loan Amendments is referred to herein as the "Loan Agreement." The Initial Promissory Note, as amended by the Fifth Loan Amendment, is referred to herein as the "Promissory Note."

20.     On April 10, 2023, Arciterra (as Borrower), Larmore (as Guarantor), and SPBL (as Lender) entered into the certain agreement titled the "Forbearance Agreement" after events of default by Arciterra and Larmore had occurred and were continuing under the Loan Agreement, Guaranty, and Promissory Note. A true and correct copy of the Forbearance Agreement is attached hereto as <u>Exhibit 8</u> and fully incorporated herein by reference.

21.     Collectively, the Forbearance Agreement, Guaranty, Promissory Note, Loan Agreement, and Assignment are referred to herein as the "Fort Wayne Loan Facility Documents."[6]

22.     In the Forbearance Agreement, Arciterra and Larmore made several acknowledgments and waivers, including, but not limited to, the following:

    a.   The following Events of Default had occurred and were continuing under the Fort Wayne Loan Facility Documents:

---

[6] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Fort Wayne Loan Facility Documents.

    i.   Failure by Arciterra to pay the outstanding principal balance of the Loan, plus accrued but unpaid interest, by December 31, 2022;

    ii.   Failure by Arciterra to pay the full amount of each monthly installment of accrued unpaid interest on the outstanding principal balance of the Loan as and when due for the months of September 2022, October 2022, November 2022, December 2022, January 2023, February 2023, and March 2023; and

    iii.   Legal action filed against Larmore and Arciterra Companies, LLC in the United States District Court for the Southern District of Indiana.

Ex. 8, Forbearance Agreement at 1 & Ex. A.

b.   Arciterra confirmed and acknowledged that as of December 31, 2022, Arciterra is indebted to SPBL for the principal amount of $2,000,000, plus interest and costs and expenses, and that such amounts are valid obligations of Arciterra and are "due and owing without deduction, defense, claim, setoff, or counterclaim of any kind or nature whatsoever." *Id.* § 1(a).

c.   Arciterra and Larmore each acknowledged executing the Fort Wayne Loan Facility Documents and reaffirmed their obligations under them. *See id.* § 1(b).

d.   Arciterra and Larmore each acknowledged and agreed that in addition to the principal, they are each responsible for payment of all interest, charges, fees, costs, and expenses due and owing under the Fort Wayne Loan Facility Documents. *See id.* § 1(c).

e.  Arciterra and Larmore each acknowledged and agreed that they "they have no defenses in any suit that may be brought by the Lender or any of its Affiliates in respect of the [Fort Wayne Loan Facility Documents] and the obligations secured therein as of the date hereof." *Id.* § 1(d). Arciterra and Larmore further waived all rights to assert any defenses, claims, or counterclaims to any action brought by SPBL to enforce the Loan Agreement or any other of the Fort Wayne Loan Facility Documents. *See id.* § 1(e).

f.  Arciterra and Larmore each released and discharged SPBL from any claims, demands, actions or causes of action which they have or might have (whether known or known) related in any way to the Fort Wayne Loan Facility Documents or the obligations and covenanted not to sue SPBL based on any such claim, demand, action or cause of action. *See id.* § 1(f).

g.  Larmore acknowledged, agreed, and consented to the Forbearance Agreement, ratified the Guaranty, and confirmed that the Guaranty remains in full force and effect and that all obligations shall continue to be guaranteed in accordance with the Loan Agreement without deduction, defense, claim, setoff, or counterclaim of any kind or nature whatsoever. *See id.* § 1(g).

h.  The Fort Wayne Loan Facility Documents remain in full force and effect. *See id.* § 2.

23.  Among other salient terms, the Forbearance Agreement further required Arciterra to:

a.  Pay $77,905.58, the accrued but unpaid interest on the outstanding principal of the Loan, and

---

     b.   Make monthly payments of $25,833.22, with the first installment due on May 14, 2023, and continuing on the same day of each succeeding calendar month during the Forbearance Period. *See id.* § 3.

24.    Thereafter, Arciterra subsequently failed to make the payments required under Section 3 of the Forbearance Agreement. Arciterra's failure to make these payments resulted in a Default under the Loan Agreement and a Forbearance Default under Section 4(b) of the Forbearance Agreement (together, the Defaults under the Loan Agreement and Forbearance Defaults are referred to herein as "Events of Default").

25.    Under the Forbearance Agreement, upon the occurrence of a Forbearance Default, the "Lender shall be entitled to enforce the Loan Documents according to the terms of the Loan Documents," and any default by the Borrower or Guarantor of the terms of the Forbearance Agreement constitute an immediate Event of Default under the Loan Agreement. *See* Ex. 8, Forbearance Agreement § 4(c).

26.    SPBL provided notice of these defaults by letter dated May 15, 2023. *See* Lender's Notice of Events of Default and Reservation of Rights (dated May 15, 2023) ("May 15, 2023 Notice of Default"), a true and correct copy of which is attached hereto as <u>Exhibit 9</u> and fully incorporated herein by reference.

27.    Additionally, in the May 15, 2023, Notice of Default, SPBL also demanded that Arciterra and Larmore provide certain financial documents required under Section 8 of the Loan Agreement within three business days of receipt of the Notice. Arciterra and Larmore failed to provide such documents and have not provided them to date. Such failure constitutes a Forbearance Default under Section 4(b)(c) and an Event of Default under Section 10(g) of the Loan Agreement.

*See also* Section 4(c) of the Forbearance Agreement (providing that any default of the terms in the Forbearance Agreement constitutes an immediate Event of Default under the Loan Agreement).

28.     After Arciterra failed to cure the defaults, on June 12, 2023, SPBL sent a demand for payment to Larmore under the Guaranty and Forbearance Agreement. *See* Lender's Demand for Payment (dated June 12, 2023) ("June 12, 2023 Demand Letter"), a true and correct copy of which is attached hereto as Exhibit 10 and fully incorporated herein by reference. Larmore has failed to pay the amounts demanded.

29.     Further, Lender subsequently learned that on May 24, 2023, a federal court appointed a receiver over certain of Arciterra and Larmore's property. *See* Order of Appointment at p. 1 (May 24, 2023) (emphasis in original), entered in *First Guaranty Bank v. Jonathan M. Larmore et al.*, Docket No. 5:23-cv-00683, in the United States District Court, Western District of Louisiana (Shreveport Division).

30.     The appointment of a receiver constitutes a Default under the Loan Agreement. Specifically, the Loan Agreement provides that a Default occurs, among other things, with "Borrower voluntarily or involuntarily filing for bankruptcy or otherwise seeking similar debtor protection[.]" Ex. 1, Loan Agreement § 10(c). Thus, because a receiver has been appointed over Arciterra's property for purported debtor protection, Arciterra has defaulted under the Loan Agreement on this additional basis.

31.     This Default under the Loan Agreement also constitutes a Forbearance Default under the Forbearance Agreement, entitling Lender to enforce the Loan Documents. *See* Ex. 8, Forbearance Agreement §§ 4(b)(a), 4(b)(c)-(f), and 4(c). Finally, the failure to repay the loan also constitutes a default under the Promissory Note, and "[u]pon the occurrence of an event of default

hereunder the entire principal balance of this Note and all accrued and unpaid interest hereunder shall, at the election of Lender, be immediately due and payable. Ex. 2, Promissory Note at p.2.

32.     On June 23, 2023, SPBL sent Arciterra notice of these additional Events of Default and again demanded payment of all amounts due under the Loan. *See* Lender's Notice of Additional Defaults and Demand for Payment (dated June 23, 2023) ("June 23, 2023 Demand Letter"), a true and correct copy of which is attached hereto as Exhibit 11 and fully incorporated herein by reference.

33.     To date, Arciterra has failed to cure these Events of Default. The total amount of principal, interest, and fees due under the loan is $2,192,861.13 as of July 1, 2023, which amount includes $2,000,000 in principal, $152,861.13 in accrued interest and fees, and $40,000 for the Exit Fee, plus attorneys' fees and costs.  This amount continues to gather interest and fees.

34.     Despite demand, Defendants have failed and refused to pay the amount due under the Fort Wayne Loan Facility Documents—either as a direct obligation of Arciterra or a guaranty of payment obligation of Larmore.  As such SPBL was forced to retain the undersigned counsel and commence this action to recover the more than $2.1 Million owed to it, along with its reasonable and necessary attorneys' fees as provided by the parties' agreement and applicable Texas law.

## CAUSES OF ACTION

## COUNT 1 – BREACH OF CONTRACT

### (*Against Arciterra and Larmore for Breach of Forbearance Agreement*)

35.     Plaintiff incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

36.    The Forbearance Agreement between Arciterra (as Borrower), Larmore (as Guarantor), and SPBL (as Lender) is a valid and enforceable contract whereby SPBL agreed to forbear from exercising its rights under the Loan so long as Arciterra and Larmore performed their obligations as detailed in the Forbearance Agreement.

37.    SPBL performed and tendered performance of its obligations under the Fort Wayne Loan Facility Documents, including the Forbearance Agreement, or was excused from further performance of its obligations.

38.    Arciterra and Larmore breached the Forbearance Agreement by failing to make the payments required under Section 3 of the Forbearance Agreement, failing to provide certain financial documents, and with the appointment of the receivership.  The breaches are ongoing as of the filing of this Original Complaint and the obligation remains unpaid.

39.    Arciterra and Larmore acknowledged and affirmed their obligations under the Fort Wayne Loan Facility Documents, including the payment and performance in full of the obligations; acknowledged and agreed that, in addition to the outstanding principal balance of the Loan, they are each responsible for the payment of all interest, charges, fees, costs, and expenses due and owning; acknowledged and agreed that they have no defenses, claims, or counterclaims to this action brought by SPBL and waived any rights to assert any defenses, claims, or counterclaims in any action brought by SPBL; and released and discharged SPBL from any claims, demands actions, or causes of action which they have or might have against SPBL. Accordingly, they have no defense to SPBL's claim for breach of contract.

40.    Arciterra and Larmore's failure to pay the $2,192,861.13 due, plus attorneys' fees and costs, which amounts continue to accrue, has and is causing damage to SPBL.

41.     Despite demand, Arciterra and Larmore have failed and refused to pay the amount due under the Loan in accordance with the terms of the Forbearance Agreement.  That amount remains due and owing to the SPBL and SPBL is entitled to recover the $2,192,861.13, which amount continues to accrue interest, plus its reasonable and necessary attorney's fees incurred in prosecuting this cause of action.

## COUNT 2 – BREACH OF CONTRACT

### (*Against Arciterra for Breach of Loan Agreement*)

42.     Plaintiff incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

43.     The Loan Agreement between Arciterra (as Borrower) and SPBL (as Lender) is a valid and enforceable contract whereby SPBL agreed to loan Arciterra $2,000,000, and Arciterra agreed, among other things, to repay the Loan with interest and fees.

44.     SPBL performed and tendered performance of its obligations under the Fort Wayne Loan Facility Documents, including the Loan Agreement, or was excused from further performance of its obligations.

45.     Arciterra breached the Loan Agreement by failing to make the payments required, defaulting under the Forbearance Agreement, failing to provide certain financial documents, and with the filing of lawsuits and appointment of the receivership. The breaches are ongoing as of the filing of this Original Complaint and the obligation remains unpaid.

46.     Arciterra acknowledged and affirmed its obligations under the Fort Wayne Loan Facility Documents, including the payment and performance in full of the obligations; acknowledged and agreed that, in addition to the outstanding principal balance of the Loan, it is responsible for the payment of all interest, charges, fees, costs, and expenses due and owning;

acknowledged and agreed that it has no defenses, claims, or counterclaims to this action brought by SPBL and waived any rights to assert any defenses, claims, or counterclaims in any action brought by SPBL; and released and discharged SPBL from any claims, demands actions, or causes of action which it has or might have against SPBL. Accordingly, Arciterra has no defense to SPBL's claim for breach of contract.

47.     Arciterra's failure to pay the $2,192,861.13 due, plus attorneys' fees and costs, which amounts continue to accrue, has and is causing damage to SPBL.

48.     Despite demand, Arciterra has failed and refused to pay the amount due under the Loan. That amount remains due and owing to the SPBL and SPBL is entitled to recover the $2,192,861.13, which amount continues to accrue interest, plus its reasonable and necessary attorney's fees incurred in prosecuting this cause of action.

## COUNT 3 – BREACH OF CONTRACT

### (*Against Arciterra for Breach of Secured Promissory Note*)

49.     Plaintiff incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

50.     The Promissory Note between Arciterra (as Borrower) and SPBL (as Lender) is a valid and enforceable contract whereby Arciterra promised to pay SPBL the $2,000,000.00 loaned by SPBL to Arciterra, plus interest and fees.

51.     SPBL performed and tendered performance of its obligations under the Promissory Note or was excused from further performance of its obligations.

52.     Arciterra breached the Promissory Note by failing to make the payments required. That breach is ongoing as of the filing of this Original Complaint and the obligation remains unpaid.

53.     Arciterra acknowledged and affirmed its obligations under the Fort Wayne Loan Facility Documents, including the payment and performance in full of the obligations; acknowledged and agreed that, in addition to the outstanding principal balance of the Loan, it is responsible for the payment of all interest, charges, fees, costs, and expenses due and owning; acknowledged and agreed that it has no defenses, claims, or counterclaims to this action brought by SPBL and waived any rights to assert any defenses, claims, or counterclaims in any action brought by SPBL; and released and discharged SPBL from any claims, demands actions, or causes of action which it has or might have against SPBL. Accordingly, Arciterra has no defense to SPBL's claim for breach of contract.

54.     Arciterra's failure to pay the $2,192,861.13 due, plus attorneys' fees and costs, which amounts continue to accrue, has and is causing damage to SPBL.

55.     Despite demand, Arciterra has failed and refused to pay the  amount due under the Promissory Note in accordance with the terms of the Promissory Note, Loan, and Forbearance Agreement.  That amount remains due and owing to SPBL and SPBL is entitled to recover the $2,192,861.13, which amount continues to accrue interest, plus its reasonable and necessary attorney's fees incurred in prosecuting this cause of action.

## COUNT 4 – BREACH OF CONTRACT

### (*Against Larmore for Breach of Guaranty*)

56.     Plaintiff incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

57.     The Guaranty executed by Larmore (as Guarantor) for the benefit SPBL (as Lender) is a valid and enforceable contract whereby Larmore guaranteed payment of Arciterra's obligations under the Loan.

58.     SPBL performed and tendered performance of its obligations under the Guaranty or was excused from further performance of its obligations.

59.     Larmore breached the Guaranty by failing to pay the amounts due to SPBL under the Loan.  That breach is ongoing as of the filing of this Original Complaint and the obligation remains unpaid.

60.     Larmore acknowledged executing the Guaranty; reaffirmed his obligations under the Guaranty, including the payment and performance in full of the obligations; acknowledged and agreed that, in addition to the outstanding principal balance of the Loan, Larmore is responsible for the payment of all interest charges, fees, costs, and expenses due and owing; acknowledged and agreed that he has no defenses in any suit brought by SPBL and waived any rights to assert any defenses, claims, or counterclaims in any action brought by SPBL; and released and discharged SPBL from any claims, demands actions, or causes of action which Larmore has or might have against SPBL. Accordingly, Larmore has no defense to SPBL's claim for breach of contract.

61.     Further, Larmore ratified the Guaranty and confirmed that it remains in full force and effect and that all Obligations shall continue to be guaranteed by him without deduction, defense, claim, setoff or counterclaim of any kind or nature whatsoever.

62.     Larmore's failure to pay the $ 2,192,861.13 due, plus attorneys' fees and costs, which amounts continue to accrue, has and is causing damage to SPBL.

63.     Despite demand, Larmore has failed and refused to pay the amount due under the Guaranty.  That amount remains due and owing to SPBL and SPBL is entitled to recover the $2,192,861.13, which amount continues to accrue interest, plus attorneys' fees and costs.

## ATTORNEYS' FEES AND COSTS

64.     Plaintiff incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

65.     As a result of Defendants' actions, it was necessary for Plaintiff to employ the services of the undersigned counsel to institute and prosecute this action. Plaintiff is entitled to recover all reasonable and necessary attorneys' fees and costs incurred in prosecuting this lawsuit pursuant to the Fort Wayne Loan Facility Documents and Chapter 38 of the Texas Civil Practice and Remedies Code.

## **CONDITIONS PRECEDENT**

66.     All conditions precedent to Plaintiff's recovery have been performed or have occurred as required by applicable law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff SPBL-1119 LLC respectfully requests that Defendants Arciterra Strategic Retail Advisor, LLC, and Jonathan Larmore be cited to appear and answer herein and that upon final hearing of this case, Plaintiff have judgment against Defendants, jointly and severally, and be awarded the following:

   a.   Actual damages;

   b.   Pre-judgment and post-judgment interest at the rate prescribed by law until said judgment is paid;

   c.   Costs of suit incurred and expended;

   d.   Reasonable attorney's fees for the preparation and prosecution of this action, as well as for any and all appeals; and

   e.   Such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Date: August 11, 2023.

Respectfully submitted,

By: */s/ Meagan Martin Powers*
Meagan Martin Powers
TX State Bar No. 24050997
Katherine M. Anand
TX State Bar No. 24050223
M. Angelita Delgadillo
TX State Bar No. 24072507
**Martin Powers & Counsel, PLLC**
1431 Greenway Drive, Suite 950
Irving, Texas 75038
Telephone: (214) 612-6474
Direct Line: (214) 612-6471
Facsimile: (214) 247-1155
meagan@martinpowers.com
katie@martinpowers.com
angelita@martinpowers.com

**COUNSEL FOR PLAINTIFF**